IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTWON ROSS, | |
| Plaintiff, | No. 08 CV 1051 |
| v. | Hon. David H. Coar <br> Judge Presiding |
| UNION PACIFIC RAILROAD COMPANY, | Magistrate J. Denlow |
| Defendant. | **Jury Trial Requested** |

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, ANTWON ROSS, by and through his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, UNION PACIFIC RAILROAD COMPANY, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4. Plaintiff, ANTWON ROSS, is an African-American citizen of the United States of America and is a resident of the State of Illinois.

5. Defendant, UNION PACIFIC RAILROAD COMPANY, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**PROCEDURE**

6. Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 11, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on February 20, 2008, which was received on February 21, 2008. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**COUNT I - RACE DISCRIMINATION - § 1981**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. In or about May 1996, Plaintiff began working for Defendant as a Laborer at Defendant's Melrose Park facility. Since 1996, Defendant has repeatedly promoted Plaintiff from

the position of Laborer to the position of Machinist and to the position of Mechanic in Charge ("MIC").

9. The majority of employees who work for Defendant are Caucasian.

10. Over the course of his eleven-plus (11+) years of employment, Plaintiff performed to Defendant's reasonable expectations at any times material hereto, as exemplified by his longevity of employment and the lack of discipline issued to Plaintiff during his tenure of employment.

11. While Plaintiff was disciplined with a demotion from a position he held successfully for approximately eight (8) years without reprimand, similarly situated Caucasian employees were not disciplined for conduct exceeding conduct that purportedly supported Plaintiff's demotion. Defendant further replaced Plaintiff with a Caucasian employee who has fewer qualifications, including less training and less experience, than Plaintiff for the MIC position.

12. Further, Defendant's non-African-American employees have subjected and continue to subject Plaintiff to a course of discriminatory treatment because of his race, African-American. Such treatment includes, but is not limited to:

(a) Coworkers continuously subjecting Plaintiff to comments directed at his race, African-American, including, but not limited to, racially discriminatory graffiti displayed throughout Defendant's workplace, such as "nigger," "white power," "go home," and the drawing of "swastikas" aimed at Plaintiff and Defendant's other African-American employees;

(b) Shop Director, Shane Keller, calling Plaintiff and a group of African-Americans "monkeys;" and

(c) General Foreman, Roger Hernandez, asking Plaintiff "Why can't you people just do

your jobs";

13. As a result of the pervasive inappropriate conduct and disparate treatment received from Plaintiff's coworkers and supervisors, Plaintiff has suffered emotional harm and economic harm.

14. Beginning in May 2007, and continuing through the present, Plaintiff has reported his coworkers' and supervisors' discriminatory treatment through all available channels, including his supervisors, such as Shop Director Richard Jacobs ("Director Jacobs") and Manager Derek Syzdlo ("Manager Syzdlo"), and Defendant's internal Equal Employment Opportunity office ("internal EEOC office"), but no action has been taken to rectify the racial hostility which Plaintiff continues to endure.

15. Plaintiff's supervisors have witnessed and participated in some of the racial harassment and discrimination that Plaintiff endured.

16. Defendant has failed to address any of Plaintiff's issues of racial discrimination and harassment to the present day.

17. On information and belief, Defendant has engaged in a pattern and practice of discriminating against African-American employees by allowing non-African-American employees to participate in a racially hostile work environment against African-American employees.

18. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

19. As a direct and proximate result of the above alleged willful and reckless acts or

omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTWON ROSS, prays for judgment against Defendant, UNION PACIFIC RAILROAD COMPANY, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole ANTWON ROSS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to ANTWON ROSS;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - TITLE VII - RACE DISCRIMINATION

20. Paragraphs one (1) through seventeen (17) are incorporated by reference as if fully set out herein.

21. The aforementioned acts and omissions of Defendant constitute unlawful

discrimination against Plaintiff because of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

22.　　As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTWON ROSS, prays for judgment against Defendant, UNION PACIFIC RAILROAD COMPANY, and respectfully requests that this Court:

A.　　Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.　　Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.　　Order Defendant to make whole ANTWON ROSS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.　　Order Defendant to pay lost, foregone, and future wages to ANTWON ROSS;

E.　　Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.　　Grant Plaintiff his attorney's fees, costs, disbursements; and

G.　　Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT III - RETALIATION - § 1981

23. Paragraphs one (1) through seventeen (17) are incorporated by reference as if fully set forth herein.

24. Throughout his employment with Defendant, Plaintiff has continually opposed the hostile and abusive conduct by filing complaints on the basis of race discrimination with Defendant's appropriate representatives, such as Defendant's internal EEOC office, and by reporting the conduct to his supervisors and managers, Director Jacobs and Manger Szydlo.

25. Defendant retaliated against Plaintiff for exercising his statutory rights by demoting him and by reducing his pay.

26. Plaintiff expressed to his direct supervisors and Defendant's internal EEOC office his opposition to the racially discriminatory terms and conditions of employment to which he was subjected.

27. In the aftermath of Plaintiff's express opposition to the discriminatory terms and conditions of employment to which Plaintiff was subjected, Defendant demoted Plaintiff and reduced his pay.

28. Defendant's asserted reasons for demoting Plaintiff are pretext for Defendant's retaliatory motives in suspending Plaintiff's employment as Plaintiff's similarly situated coworkers, who did not express opposition to racial discrimination and who engaged in the same purported conduct that allegedly served as the basis for Plaintiff's demotion, were not demoted.

29. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his

employment in violation of 42 U.S.C. § 1981.

30.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTWON ROSS, prays for judgment against Defendant, UNION PACIFIC RAILROAD COMPANY, and respectfully requests that this Court:

A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for their opposition to the creation of a discriminatory work environment;

C.  Order Defendant to make whole ANTWON ROSS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.  Order Defendant to pay lost, foregone, and future wages to ANTWON ROSS;

E.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.  Grant Plaintiff his attorney's fees, costs, disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**COUNT IV - RETALIATION - TITLE VII**

31. Paragraphs one (1) through seventeen (17) and twenty-four (24) through twenty-eight (28) are incorporated by reference as if fully set out herein.

32. Defendant deliberately retaliated against Plaintiff in violation of his federally protected civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, because he reported his similarly situated coworker's and direct supervisor's racially discriminatory conduct to management.

33. As a direct and proximate result of Defendant's retaliatory action against Plaintiff, Plaintiff has suffered injury, including but not limited to, lost and foregone wages, emotional pain and suffering.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANTWON ROSS, prays for judgment against Defendant, UNION PACIFIC RAILROAD COMPANY, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for their opposition to the creation of a discriminatory work environment;

C. Order Defendant to make whole ANTWON ROSS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to ANTWON ROSS;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

34. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

ANTWON ROSS, Plaintiff,

By: s/Lisa Kane
Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093