IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTWON ROSS, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 1051 |
| ) | |
| v. ) | Judge Coar |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | Magistrate Judge Denlow |
| ) | |
| Defendant. ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, UNION PACIFIC RAILROAD COMPANY ("UP") by its attorneys OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., answers Antwon Ross's First Amended Complaint, and states as follows:

### PRELIMINARY STATEMENT

1.     This is an action seeking redress for violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:**

Defendant admits this action is brought pursuant to the statutes cited in paragraph 1 for alleged violations of rights, but denies that Plaintiff's rights have been violated under those statutes, denies it engaged in any discriminatory employment practices, and denies that Plaintiff is entitled to any relief or damages whatsoever. Defendant denies any remaining allegations contained in paragraph 1.

### JURISDICTIONAL STATEMENT

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C.

§ 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Defendant admits this court has jurisdiction over claims brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.*, but denies Plaintiff is entitled to any relief thereunder. Defendant further denies this court has jurisdiction over any pattern or practice claim, any claim of retaliation under §1981, or any claims outside the applicable statute of limitations. Defendant denies any remaining allegations contained in paragraph 2.

## VENUE

3.  Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:**

Defendant admits the allegations contained in paragraph 3.

## PARTIES

4.  Plaintiff, ANTWON ROSS, is an African-American citizen of the United States of America and is a resident of the State of Illinois.

**ANSWER:**

On information and belief, Defendant admits the allegations contained in paragraph 4.

5.  Defendant, UNION PACIFIC RAILROAD COMPANY, is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**ANSWER:**

Defendant admits the allegations contained in paragraph 5.

## PROCEDURE

6.  Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 11, 2008. The EEOC issued

Plaintiff a Notice of Right to Sue on February 20, 2008, which was received on February 21, 2008.  The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:**

Defendant admits a Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within 90 days, but is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and therefore denies same.

**COUNT I - RACE DISCRIMINATION - § 1981**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 6 as its answer to paragraph 7 as if fully set forth herein.

8. In or about May 1996, Plaintiff began working for Defendant as a Laborer at Defendant's Melrose Park facility.  Since 1996, Defendant has repeatedly promoted Plaintiff from the position of Laborer to the position of Machinist and to the position of Mechanic in Charge ("MIC").

**ANSWER:**

Defendant admits it hired plaintiff in June 1996 to work as a laborer out of its Proviso, Illinois location and that he currently holds the position of machinist.  Defendant denies the remaining allegations contained in paragraph 8.

9. The majority of employees who work for Defendant are Caucasian.

**ANSWER:**

Defendant admits the allegations contained in paragraph 9.

10. Over the course of his eleven-plus (11+) years of employment, Plaintiff performed to Defendant's reasonable expectations at any times material hereto, as exemplified by his longevity of employment and the lack of discipline issued to Plaintiff during his tenure of employment.

**ANSWER:**

Defendant denies the allegations contained in paragraph 10.

11. While Plaintiff was disciplined with a demotion from a position he held successfully for approximately eight (8) years without reprimand, similarly situated Caucasian employees were not disciplined for conduct exceeding conduct that purportedly supported Plaintiff's demotion. Defendant further replaced Plaintiff with a Caucasian employee who has fewer qualifications, including less training and less experience, than Plaintiff for the MIC position.

**ANSWER:**

Defendant denies the allegations contained in paragraph 11.

12. Further, Defendant's non-African-American employees have subjected and continue to subject Plaintiff to a course of discriminatory treatment because of his race, African-American. Such treatment includes, but is not limited to:

(a) Coworkers continuously subjecting Plaintiff to comments directed at his race, African-American, including, but not limited to, racially discriminatory graffiti displayed throughout Defendant's workplace, such as "nigger," "white power," "go home," and the drawing of "swastikas" aimed at Plaintiff and Defendant's other African-American employees;

(b) Shop Director, Shane Keller, calling Plaintiff and a group of African-Americans "monkeys;" and

(c) General Foreman, Roger Hernandez, asking Plaintiff "Why can't you people just do your jobs."

**ANSWER:**

Defendant denies the allegations contained in paragraph 12.

13. As a result of the pervasive inappropriate conduct and disparate treatment received from Plaintiff's coworkers and supervisors, Plaintiff has suffered emotional harm and economic harm.

**ANSWER:**

Defendant denies the allegations contained in paragraph 13.

14. Beginning in May 2007, and continuing through the present, Plaintiff has reported his coworkers' and supervisors' discriminatory treatment through all available channels, including his supervisors, such as Shop Director Richard Jacobs ("Director Jacobs") and Manager Derek Syzdlo ("Manager Syzdlo"), and Defendant's internal Equal Employment Opportunity office ("internal EEOC office"), but no action has been taken to rectify the racial hostility which Plaintiff continues to endure.

**ANSWER:**

Defendant denies the allegations contained in paragraph 14.

15. Plaintiff's supervisors have witnessed and participated in some of the racial harassment and discrimination that Plaintiff endured.

**ANSWER:**

Defendant denies the allegations contained in paragraph 15.

16. Defendant has failed to address any of Plaintiff's issues of racial discrimination and harassment to the present day.

**ANSWER:**

Defendant denies the allegations contained in paragraph 16.

17. On information and belief, Defendant has engaged in a pattern and practice of discriminating against African-American employees by allowing non-African-American employees to participate in a racially hostile work environment against African-American employees.

**ANSWER:**

Defendant denies the allegations contained in paragraph 17.

18. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

**ANSWER:**

Defendant denies the allegations contained in paragraph 18.

19. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**ANSWER:**

Defendant denies the allegations contained in paragraph 19.

### COUNT II - TITLE VII - RACE DISCRIMINATION

20. Paragraphs one (1) through seventeen (17) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 17 as its answer to paragraph 20 as if fully set forth herein.

21. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:**

Defendant denies the allegations contained in paragraph 21.

22. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

**ANSWER:**

Defendant denies the allegations contained in paragraph 22.

### COUNT III - RETALIATION - § 1981

23. Paragraphs one (1) through seventeen (17) are incorporated by reference as if fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 17 as its answer to paragraph 23 as if fully set forth herein.

24. Throughout his employment with Defendant, Plaintiff has continually opposed the hostile and abusive conduct by filing complaints on the basis of race discrimination with

Defendant's appropriate representatives, such as Defendant's internal EEOC office, and by reporting the conduct to his supervisors and managers, Director Jacobs and Manager Szydlo.

**ANSWER:**

      Defendant denies the allegations contained in paragraph 24.

      25.    Defendant retaliated against Plaintiff for exercising his statutory rights by demoting him and by reducing his pay.

**ANSWER:**

      Defendant denies the allegations contained in paragraph 25.

      26.    Plaintiff expressed to his direct supervisors and Defendant's internal EEOC office his opposition to the racially discriminatory terms and conditions of employment to which he was subjected.

**ANSWER:**

      Defendant denies the allegations contained in paragraph 26.

      27.    In the aftermath of Plaintiff's express opposition to the discriminatory terms and conditions of employment to which Plaintiff was subjected, Defendant demoted Plaintiff and reduced his pay.

**ANSWER:**

      Defendant denies the allegations contained in paragraph 27.

      28.    Defendant's asserted reasons for demoting Plaintiff are pretext for Defendant's retaliatory motives in suspending Plaintiff's employment as Plaintiff's similarly situated coworkers, who did not express opposition to racial discrimination and who engaged in the same purported conduct that allegedly served as the basis for Plaintiff's demotion, were not demoted.

**ANSWER:**

      Defendant denies the allegations contained in paragraph 28.

      29.    The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

**ANSWER:**

Defendant denies the allegations contained in paragraph 29.

30. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**ANSWER:**

Defendant denies the allegations contained in paragraph 30.

### COUNT IV - RETALIATION - TITLE VII

31. Paragraphs one (1) through seventeen (17) and twenty-four (24) through twenty-eight (28) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 17 as its answer to paragraph 31 as if fully set forth herein.

32. Defendant deliberately retaliated against Plaintiff in violation of his federally protected civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. because he reported his similarly situated coworker's and direct supervisor's racially discriminatory conduct to management.

**ANSWER:**

Defendant denies the allegations contained in paragraph 32.

33. As a direct and proximate result of Defendant's retaliatory action against Plaintiff, Plaintiff has suffered injury, including but not limited to, lost and foregone wages, emotional pain and suffering.

**ANSWER:**

Defendant denies the allegations contained in paragraph 33.

### JURY TRIAL DEMAND

34. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

- 9 -

**ANSWER:**

Defendant admits Plaintiff requests a jury trial on all issues raised by the allegations of his complaint, but deny those allegations.

**AFFIRMATIVE DEFENSES**

1. Defendant asserts that Plaintiff may not recover punitive damages in this action. Alternatively, the provisions of the 1991 Civil Rights Act, 42 U.S.C. § 1981a, define and limit the amount of compensatory and punitive damages that may be awarded on Plaintiff's Title VII claims.

2. Any claim by Plaintiff for special/punitive/exemplary damages is barred by Defendant's good-faith efforts to comply with applicable law, and the absence of respondeat superior liability and vicarious liability.

3. Defendant states that at all times relevant hereto, there was good cause for any conduct with respect to Plaintiff and actions taken were reasonable, in good faith, for legitimate business reasons, and unrelated to discriminatory motive or any other unlawful purpose.

4. There is no liability for the alleged conduct of any employee where such conduct was outside the course and scope of his or her employment.

5. Plaintiff's claims may be time barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's Title VII claims may be barred, in whole or in part, by his failure to satisfy the administrative prerequisites to suit. Specifically, any claims that arose more than 300 days before Plaintiff filed a proper charge of discrimination with the EEOC or as to which no timely EEOC charge was filed, are barred.

7. Plaintiff's claims are barred by the doctrines of laches, waiver or estoppel and/or by Plaintiff's own actions, inactions or omissions.

8. Defendant took reasonable care to prevent and correct promptly any racially harassing behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

9. Even if an unlawful factor played a role in the acts of which Plaintiff complains, those acts would have occurred even absent the unlawful factor.

10. Plaintiff is entitled to no damages to the extent he has failed to mitigate his damages.

11. Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, Defendant requests that the complaint be dismissed and that Defendant be awarded its reasonable attorneys fees and costs in connection with this action.

                                            UNION PACIFIC RAILROAD COMPANY


                                            By: /s/ Carol A. Poplawski
                                                      One of Its Attorneys

Carol A. Poplawski (#6192132)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
(312) 558-1220


Date:  March 13, 2008

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 13th day of March, 2008, she electronically filed the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Lisa Kane
>LISA KANE & ASSOCIATES, P.C.
>120 South LaSalle Street, Suite 1420
>Chicago, IL 60603


>/s/ Carol A. Poplawski