IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTWON ROSS, | ) |
| Plaintiff, | ) Case No. 08 C 1051 |
| v. | ) Judge Coar |
| UNION PACIFIC RAILROAD COMPANY, | ) Magistrate Judge Denlow |
| Defendant. | ) |

### AGREED PROTECTIVE ORDER

Upon stipulation of Plaintiff, Antwon Ross, and Defendant, Union Pacific Railroad Company, and in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, this Court finds that good cause exists for the entry of the following protective order with respect to the production and exchange of certain documents and information between Plaintiff and Defendant in the above-captioned litigation.

1. <u>Definitions</u>.

    a. The term "Source" means any individual or entity that shall have produced Confidential Material.

    b. The term "Recipient" means any individual or entity who shall have received Confidential Material.

    c. The term "Confidential Material" means:

        (1) Roger Hernandez personal file, PeopleSoft file and labor relations file

        (2) Richard Jacobs' personal file and PeopleSoft file

        (3) Randy Reynolds' personal file, PeopleSoft file and labor relations file

        (4) Kyle Davis' personal file, PeopleSoft file and wage history

(5) Personal file and PeopleSoft file for Alfanso Qualls, Richard Buckner, Kenton Telindert, Ernfried Oberlander, Dennis Grim, Cheryl Pointer, Todd Harris, Dillard Dabney, Eric Zabelny, Terrance Schaffer, Brian Runkle, Charles Crome, Matt Mahall, and Robert Hartman

(6) EEO Hotline and/or Vales Line complaint of Keith Sconiers

2.   *Scope of Disclosure of Confidential Material.*  Except as provided elsewhere in this Protective Order, Confidential Material shall be disclosed only to Recipients who fall into the following categories:

   a.   parties to this litigation and their representatives, including Attorneys for parties to this action;

   b.   experts (as defined by Federal Rule of Civil Procedure 26(b)(4)), consultants, or persons or firms employed to provide litigation support services, who are not parties to, employees of any party to, or affiliates of any party to, this litigation, provided that such experts, consultants, persons, or firms have first read this Protective Order and agreed in writing to abide by the terms of this Protective Order;

   c.   any deposition witness, at the witness' deposition, provided that such witness has first read this Protective Order and agreed in writing to abide by the terms of this Protective Order. In this regard, it is understood that Defendant's managerial witnesses who may be deposed will read this Protective Order and sign Attachment 1 hereto;

   d.   any witness to the extent reasonably necessary to prepare that witness to testify at trial or otherwise, provided that such witness has first read this Protective Order and agreed in writing to abide by the terms of this Protective Order;

e.   any potential witness to the extent reasonably necessary to determine (i) the extent of what witness' knowledge relevant to this litigation, or (ii) whether that potential witness will in fact be called to testify at trial, provided in either case that such potential witness has first read this Protective Order and agreed in writing to abide by the terms of this Protective Order.

Any written agreement described in paragraph b, c, d or e shall take the form substantially similar to Attachment 1 hereto, and shall be delivered to counsel for Defendant prior to the disclosure of such Confidential Material to such Recipient, except that with respect to any disclosure of Confidential Material that occurred prior to the entry of this Protective Order, such written agreement shall be delivered to counsel for Defendant not later than ten (10) days after the date of entry of this Protective Order.

Notwithstanding the above, disclosures of Confidential Material may be made, without a pre-signed agreement as described above, to:

(i)   the Court, Magistrate Judge, special master, other court personnel, and stenographic and other deposition reporters, provided that such material, if filed before the Court, redact identifying information;

(ii)   commercial copying services employed by the parties for the purpose of making copies of document testimony for use in connection with this case; and

(iii)   support staff of an Attorney for a party to this action.

3.   <u>Disclosure Restrictions</u>.   Confidential Material shall be disclosed or otherwise used only for purposes directly related to this action, and shall not be used for any other personal, business or commercial purpose.   Individuals and entities permitted access to Confidential

Material pursuant to paragraph (2) above and any other Recipients are hereby ordered not to show, convey or reproduce in any manner any such documents or materials, or any parts thereof, or information contained therein, or any extract or summaries thereof, to any individual or entity who would not otherwise have access to Confidential Material under the provisions of this Protective Order.

4. <u>Marking</u>. To identify Confidential Material under this Protective Order, the Source may mark such documents as "Confidential."

5. <u>Inadvertent Production</u>. Any production of documents containing, or other disclosure of, Confidential Material without being designated as Confidential Material at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information discussed or as to any other information relating thereto or on the same or related subject matter. The production of Confidential Material shall not be deemed a waiver of any right by a party to object to the admissibility of such document on grounds of relevancy, materiality, privilege or any other objection.

6. <u>Final Determination</u>. Upon the final determination of this action (including any appeals), each Recipient shall within 30 days of such determination return to the Source all Confidential Material, including originals and any copies. Upon the final determination of this action (including any appeals), the provisions of this Protective Order shall continue to be binding upon all counsel, the parties and their officers and employees, witnesses, and all others subject to this Protective Order.

7. <u>Later Orders</u>. This Protective Order shall be subject to any subsequent order.

IT IS SO ORDERED.

Dated: __August 15, 2008__    By the Court:

_____
[signature: David N. Coar]

# **Attachment 1**

To Whom It May Concern:

I have read the attached Protective Order and understand its terms, and I agree to abide by its requirements and submit to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:_____      By:_____

6529826.1